IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00549-ZLW-MEH

JEVON RUSSELL,

      Plaintiff,

v.

SGT. KIM PFANNKUCH, No. 95024,
OFFICER K. THOMPSON, No. 06095,
OFFICERS JOHN DOE,
THE DENVER POLICE DEPARTMENT,
CHIEF OF POLICE GERALD R. WHITMAN, each in their individual and official capacities,
and THE CITY AND COUNTY OF DENVER, COLORADO,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.  In this action, at least one of the Parties has sought and/or may seek Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into this Stipulation and

1

request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

a. The entirety of the Denver Police Department's internal investigation files, including, but not limited to, the investigation by the Denver Police Department of actions related to the incident that is the subject of this case, *Russell v. Pfannkuch*, Civil Action No. 09-cv-00549-ZLW-MEH;

b. The Parties and/or their representatives' personnel files;

c. Plaintiff's medical records;

d. Security and/or investigative policies or procedures;

e. Any documents containing information relating to third parties; and

f. The Parties or their representatives' tax and/or financial records.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a. By imprinting the word "Confidential" on the first page or cover of any document produced;

b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

2

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, as well as any of representative(s) of the Parties' insurers, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons that are required to complete an affidavit as set forth in paragraph 4.

7. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above

3

upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel who maintains the list disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

9. During pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed

4

under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order.

Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**DATED** at Denver, Colorado, this 9th day of June, 2009.

BY THE COURT:

s/ Michael E. Hegarty

_____
Michael E. Hegarty
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

*s/E. Richard Toray*
_____
E. Richard Toray
Gerash Steiner & Toray, P.C.
1775 Sherman Street #1500
Denver, CO 80203
(303) 830-0630

Alaurice Tafoya-Modi
Law Office of Alaurice Tafoya-Modi
1775 Sherman Street #1500
Denver, CO 80203
(303) 813-1100

Attorneys for Plaintiff

*s/John Eckhardt*
_____
John Eckhardt
Denver City Attorney's Office
Litigation Section
201 West Colfax Avenue Dept. 1108
Denver, CO 80202-5332
Telephone (720) 913-3298

Attorneys for Sgt. Kim Pfannkuch, Officer K.
Thompson, the Denver Police Department,
Chief of Police Gerald R. Whitman and The
City and County of Denver

*s/David Bruno*
_____
David Bruno
Bruno, Collins, Jewell & Lowe, P.C.
1560 Broadway #1099
Denver, CO 80204
(303) 831-1099

Attorneys for Sgt. Pfannkuch and Officer K.
Thompson in their individual capacities

6

**AFFIDAVIT**

STATE OF COLORADO )
                                          )ss
COUNTY OF                     )

_____, swears or affirms and states under penalty of perjury:

     1.     I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

     2.     I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

     3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

     4.     For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

     5.     I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)
Address:
_____
_____
Telephone No.: (_____) _____

***SUBSCRIBED AND SWORN*** to before me this _____ day of _____, 2009, by _____.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires:_____

7

[SEAL]

09-cv-00549-ZLW-MEH_stip prot order.wpd